NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000474**
**10-AUG-2011**
**08:55 AM**

NO. CAAP-11-0000474

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
AARON M. BERNAL, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1907)

ORDER GRANTING PLAINTIFF-APPELLEE
STATE OF HAWAII'S JUNE 22, 2011 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) Plaintiff-Appellee State of Hawaii's
(Appellee) June 22, 2011 motion to dismiss Appeal No. CAAP-11-
0000474 for lack of jurisdiction, (2) Defendant-Appellant Aaron
M. Bernal's (Appellant) June 27, 2011 memorandum in opposition to
Appellee's June 22, 2011 motion to dismiss Appeal No. CAAP-11-
0000474 for lack of jurisdiction, and (3) the record, it appears
that we lack jurisdiction over the appeal that Appellant asserted
from the Honorable Edward H. Kubo, Jr.'s, June 3, 2011 "Order
Dismissing Case without Prejudice" (hereinafter "the June 3, 2011
dismissal order"), because the June 3, 2011 dismissal order is
not appealable by a defendant in a criminal case under Hawaii
Revised Statutes (HRS) 641-11 (Supp. 2010), HRS § 641-17 (Supp.
2010), or the collateral order exception under the holding in
State v. Baranco, 77 Hawaiʻi 351, 355, 884 P.2d 729, 733 (1994).

"In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). None of these three types of appeals applies to the instant case.

With respect to HRS § 641-11, "[a]ny party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602 in the manner and within the time provided by the rules of the court." HRS § 641-11. "The sentence of the court in a criminal case shall be the judgment." Id. Thus, where there is "no conviction and sentence" in a criminal case, "there can be no appeal under HRS § 641-11[.]" State v. Kealaiki, 95 Hawai'i at 312, 22 P.3d at 591. In the instant case, the circuit court has not entered a conviction and sentence against Appellant. Therefore, the June 3, 2011 dismissal order is not appealable by Appellant under HRS § 641-11.

Appellant argues that the June 3, 2011 dismissal order is appealable final order under HRS § 641-11 because the supreme court held in State v. Kalani, 87 Hawai'i 260, 262, 953 P.2d 1358, 1360 (1998), that in criminal cases, "a dismissal without prejudice is a final order [because] it terminates the current case." However, the holding in State v. Kalani applies only to appeals by the State pursuant to HRS § 641-13(1). The instant case does not involve an appeal by the State pursuant to HRS § 641-13(1). Therefore, State v. Kalani does not support Appellant's argument.

A circuit court may certify an interlocutory order for an appeal "whenever the judge in the judge's discretion may think the same advisable for a more speedy termination of the case." HRS § 641-17. The circuit court has not certified the June 3, 2011 dismissal order for an interlocutory appeal pursuant to HRS § 641-17. Therefore, the June 3, 2011 dismissal order is not appealable under HRS § 641-17.

Finally, as an exception to HRS § 641-11 and HRS § 641-17, the supreme court "hold[s] that the collateral order exception to the final judgment rule permits an interlocutory appeal of an order denying a pretrial motion to dismiss an indictment on double jeopardy grounds." State v. Baranco, 77 Hawai'i at 355, 884 P.2d at 733. The June 3, 2011 dismissal order is not an interlocutory order denying a motion to dismiss based on double jeopardy. Therefore, the June 3, 2011 dismissal order does not satisfy the collateral order exception under the holding in State v. Baranco.

Absent an appealable judgment or order, we lack jurisdiction over Appeal No. CAAP-11-0000474.

Therefore, IT IS HEREBY ORDERED that Appellee's June 22, 2011 motion to dismiss Appeal No. CAAP-11-0000474 for lack of jurisdiction is granted, and this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, August 10, 2011.


Chief Judge


Associate Judge


Associate Judge

-3-